1 **PARKER LAW FIRM, P.L.C.**
   _____ ATTORNEYS AT LAW _____
2   141 E  Palm Lane. Suite 111 • Phoenix, Arizona 85004
   P O  Box 63098 • Phoenix, Arizona 85082-3098
3   Telephone: (602) 257-8100 • Facsimile: (602) 257-8110
   John D. Parker, II #015955
4   Attorneys for Plaintiff

5

6                    IN THE UNITED STATES DISTRICT COURT

7                              DISTRICT OF ARIZONA

8

9   LEIA J. THOMPSON, an individual,           )
                                               )   No.
10                         Plaintiff,           )
                                               )   COMPLAINT
11  v.                                          )
                                               )
12  PALISADES COLLECTION, L.L.C., a New        )
    Jersey limited liability company; PRESSLER &)
13  PRESSLER, L.P., a New York limited liability)
    partnership                                )
14                                             )
                          Defendants.           )
15  _____)

16      Plaintiff  LEIA  J.  THOMPSON,  for  her  cause  of  action  against  Defendants

17  PALISADES COLLECTION, L.L.C. ("Palisades") and PRESSLER & PRESSLER, L.L.P.

18  ("P&P"), states as follows:

19                              **JURISDICTION**

20      1.      This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§

21  1692-1692p ("FDCPA").  Accordingly, this Court has jurisdiction over this matter under

22  the provisions of 28 U.S.C. § 1331.

23                                **PARTIES**

24      2.      Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), as a

25  natural person allegedly obligated to pay a debt.

26  . . .

3.     Defendant Palisades is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), as an entity  which uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.   Pressler is licensed by the Arizona Department of Financial Institutions to operate as a collection agency, and upon information and belief, is authorized to conduct business in Arizona.

4.     Defendant P&P is also a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), as an entity  which uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Upon information and belief, Palisades and P&P are alter egos of each other.

### VIOLATIONS OF THE FDCPA

5.     On or about June 25, 2007, P&P, while representing Palisades, obtained a default judgment against a Leia J. Thompson whose Social Security Number is 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.  The default judgment was obtained in the case of  *Palisades Collection, L.L.C. v. Leia J. Thompson*, Index No. 9937/06 (N.Y. Civ. Ct.) (Exhibit 1).  The total amount of the judgment was $1,846.40 (Exhibit 2), and was allegedly for a debt originally owed to AT&T.

6.     The last three numbers of Plaintiff's Social Security Number are 051 (Exhibit 3).  Accordingly, Plaintiff is not the Leia J. Thompson Defendants obtained the default judgment against.

7.     Regardless, on or about June 6, 2008, Defendants caused a writ of garnishment to be issued to Plaintiff's employer and began garnishing Plaintiff's wages  (Exhibit 2).

8.      After being notified of the garnishment action, on or about June 16, 2008, Plaintiff contacted P&P and explained that the Leia Thompson they had obtained the default judgment against was not Plaintiff. Plaintiff specifically pointed out that the Social Security Number listed on the writ, 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, was not Plaintiff's. P&P refused to cease collection efforts.

9.      On July 15, 2008, Plaintiff, through counsel, notified P&P that (1) Plaintiff's account with AT&T is current, and not delinquent; (2) Plaintiff was never served with process in any case involving Palisades or P&P; (3) that Plaintiff's Social Security Number is not 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; and (4) that this was a case of mistaken identity. The alleged debt was specifically disputed, and Defendants were asked to provide an itemization of the alleged debt (Exhibit 4).

10.      On July 17 and 18, 2008, Plaintiff, through counsel, provided proof to P&P that Plaintiff's Social Security Number ends in 051, and is not 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 (Exhibits 5 and 6).

11.      Despite conclusive proof that the Leia J. Thompson they had obtained the default judgment against was not Plaintiff, P&P and Palisades have failed and refused to refund Plaintiff money they have wrongfully garnished from Plaintiff's pay check, and continue to garnish, impound and withhold money from Plaintiff's pay check.

## CAUSE OF ACTION

12.      15 U.S.C. § 1692e(10) prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Both P&P and Palisades have violated 15 U.S.C. § 1692e(10) by falsely representing they have obtained a default judgment against Plaintiff, when, in fact, the Leia J. Thompson they have obtained a default judgment against has the Social Security Number of 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.

13.      15 U.S.C. § 1692f(1) prohibits debt collectors from using unfair or

3

unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  Both P&P and Palisades have violated 15 U.S.C. § 1692f(1) by collecting moneys from Plaintiff which Plaintiff has not expressly authorized by any agreement or that is permitted by law.

14.    Both P&P and Palisades have garnished Plaintiff's pay on no less than four occasions.

15.    15 U.S.C. § 1692g required Defendants to take certain actions, including the cessation of collection efforts, upon notice that Plaintiff disputed the alleged debt. Defendants have not ceased collection efforts nor verified the debt.

16.    15 U.S.C. § 1692k(a) permits Plaintiff to recover the actual damages sustained by her as a result of Defendants' conduct, as well as additional damages of $1,000.00 for each occurrence and each violation of the FDCPA.

17.    Plaintiff is entitled punitive damages in an amount sufficient to deter and punish both P&P and Palisades, for Defendants' intentional and egregious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff LEIA J. THOMPSON prays for judgment against Defendants PALISADES COLLECTION, L.L.C. and PRESSLER & PRESSLER, L.L.P., each of them, jointly and severally, as follows:

a.    For the sum of $3,000.00 for each occasion that money has been garnished from Plaintiff's pay check (representing violations of 15 U.S.C. §§ 1692e(10), 1692f(1) and 1692g); which, at this time, is at least four occasions, or $12,000.00;

b.    For the actual damages sustained by Plaintiff in the amounts withheld from her paychecks;

c.    For punitive damages in an amount that punishes Defendants and deters

4

1  them from engaging in similar conduct against Plaintiff, and similarly situated parties such
2  as Plaintiff, in the future;

3          d.      For an award of Plaintiff's taxable costs incurred by virtue of having
4  to bring this action;

5          e.      For an award of Plaintiff's reasonable attorneys' fees under the
6  provisions of 15 U.S.C. § 1692k(a)(3);

7          f.      For interest on all of the foregoing sums as allowed by law or Court
8  rule from the date of entry of such judgment until paid;

9          g.      For any and all costs and reasonable attorneys' fees incurred in
10  collecting the judgment; and

11          h.      For such other just and proper relief the Court deems appropriate.

12          DATED this 2nd day of October, 2008.

13                          PARKER LAW FIRM, P.L.C.

14
                          By:___/s/ John D. Parker, II_____
15                              John D. Parker, II
                              P.O. Box 63098
16                              Phoenix, AZ  85082-3098
                              Attorneys for Plaintiff
17

18  K:\1493\081284\COMPLAINT  CAP wpd

19

20

21

22

23

24

25

26

# Exhibit 1

③

# CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

**P&P File T61175**

PALISADES COLLECTION, L.L.C.
            Plaintiff
                    vs.

Index No.  9937/06

**JUDGMENT**

LEIA J. THOMPSON
            Defendant(s)

| | |
|---|---|
| AMOUNT CLAIMED IN COMPLAINT LESS CREDITS ON ACCOUNT ($0.00  ) . . . . . . . . . . | $1,416.77 |
| INTEREST AT 9.00 % FROM 02/01/06 to 04/19/07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $114.87 |
| | --------- |
| | $1,531.64 |

Costs by Statute . . . . . . . . . . . . . . . . . . . .  $20.00
Service of Summons and complaint . . . .  $17.00
Fee for Index Number . . . . . . . . . . . . . . .  $45.00
Prospective Execution Fee . . . . . . . . . .   $0.00

                                                            ---------
                                                            $82.00
Costs Taxed At                        Total . . . . . . .   $1,613.64

STATE OF NEW YORK, COUNTY OF NASSAU

    The undersigned, an attorney at law of the State of New York, the attorney(s) of record for the Plaintiff(s) herein, subscribes and affirms under penalties of perjury, that the disbursements above specified are correct and true and have been or  will be necessarily be made or  incurred herein and are  reasonable in  amount; that the Defendant(s) have failed to appear, answer or move herein and the time to  do  so  has expired so that  Plaintiff is entitled to a judgment by default  .  On    03/24/06  , Deponent mailed a copy of the summons in separate post-paid envelopes in an  official depository of the U.S. Postal Service, addressed to each defaulting  defendant's  last known residence address as set forth below, by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof  that the communication was from an attorney or concerns an alleged debt.  More than 20 days have elapsed and the same have not been returned as undeliverable by the  U.S.  Postal Service.

    Pursuant to  affidavits  of  service  on  file  herein,  deponent  alleged  that defendant(s) ~are not~in the military service.
**Plaintiff waives its cause of action based on an account stated and attorney fees.**

Dated:  05/03/07

                                Richard A. Franklin  Esq.
                                Pressler and Pressler, LLP
                                990 Stewart Avenue Suite 30
                                Garden City, NY 11530
                                (516) 222-7929

**JUDGEMENT ENTERED ON:**___JUN 2 5 2007___

    ADJUDGED that PALISADES COLLECTION, L.L.C.  , Plaintiff, with  offices  at  210 SYLVAN AVE  ENGLEWOOD CLIFFS  NJ  07632 recover of LEIA J. THOMPSON    , Defendant residing at 206 W  96TH  ST  APT  3C    NEW  YORK,  NY 100256373  in the sum of $1,416.77    with Interest  of $114.87  making  a  total  of $1,531.64 , together with costs and disbursements of $82.00 amounting in  all  to  the sum of $1,613.64  and that the Plaintiff(s) have execution therefore.  **JACK BAER**
                                                                            **Chief Clerk**

                            _____
                                        Clerk

Exhibit 2





# GREGG E. BIENSTOCK
### Badge No. 17

36-35 Bell Boulevard
P.O. Box 610700
Bayside, N.Y. 11361-0700
FAX: 718-423-0014

(718) 229-3774

June 6, 2008

THOMPSON, LEIA J.
253 E. 62ND STREET
APT #2B
NEW YORK NY 10021 7625

JUDGMENT CREDITOR

PALISADES COLLECTION, LLC

VS

THOMPSON, LEIA J.
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

JUDGMENT DEBTOR

# NOTICE OF GARNISHMENT

Please take notice that a judgment has been entered against the above named judgment debtor. Pursuant to the **INCOME EXECUTION** delivered to me, you are required to make arrangements and have your first payment in my office within 20 days from the above date. Upon your default, a copy of this execution will be served upon any person (corporation, etc.) from whom you are receiving or will receive money and will result in additional costs to you.

| | |
|---|---|
| JUDGMENT | $1,613.64 |
| STATUTORY MARSHAL FEES | $0.00 |
| POUNDAGE | $87.92 |
| EXPENSE | $6.14 |
| INTEREST | $138.70 |
| **TOTAL.** | **$1,846.40** |

IN ADDITION, INTEREST FROM 06/06/08 will be calculated on a daily basis. You will be notified of the final balance due when your payments approach completion.

ALL PAYMENTS SHOULD BE MARKED
WITH YOUR NAME AND THIS DOCKET NUMBER:

S36954

and be made payable to:

**GREGG E. BIENSTOCK**
**City Marshal - Badge No.17**

973-753-5353
T6117S



**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

**P&P File   T61175**

PALISADES COLLECTION, L.L.C.
        Judgment Creditor
        vs.

Index No.   9937/06

**INCOME EXECUTION**

LEIA J. THOMPSON
253 E 62ND ST AOT 2B
NEW YORK, NY 100217625
        Judgment Debtor(s)

## THE PEOPLE OF THE STATE OF NEW YORK

## TO THE ENFORCEMENT OFFICER, GREETINGS:

The enforcement officer is the Sheriff of a County or City, or Constable of the Town or Village authorized by law to enforce income executions.

A judgment was entered in CIVIL COURT OF THE CITY OF NEW YORK, County of NEW YORK in favor of the Judgment Creditor(s) and the particulars are as follows: Entry Date 06/25/07, Original Amount $1,613.64. Amount due and unpaid $1613.64, plus interest from 06/25/07 in the amount of $_____.

This execution is issued against LEIA J. THOMPSON whose last known address is 253 E 62ND ST AOT 2B NEW YORK, NY 100217625 whose Social Security Number is 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 and who is receiving or will receive $300.00 for each Weekly pay period from the Employer, "Employer," herein, includes any payor of money to Judgment Debtor. The Employer's name and address is BLUE NOTE JAZZ CLUB 131 W 3RD ST NEW YORK NY 100121208.

**YOU ARE DIRECTED TO** satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR SEC. 5231.

**Directions of Judgment Debtor:** You are notified and commanded immediately to start paying the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal Limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer: You are commanded** to withold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more that the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages, or



other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated:05/24/08

PRESSLER and PRESSLER, LLP
Attorney for Plaintiffs/Judgment Creditor
990 Stewart Avenue
Garden City, NY 11530
(516)222-7929

By:

Lori R Cetani

## IMPORTANT STATEMENT

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that mucn of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rule SEC. 5231 and 15 United States Code SEC. 1671 et seq.

### I. Limitations on the amount that can be withheld

A.   An income execution for installments from a judgment debtor's gross income cannot exceeed ten (10%) percent of the judgment debtor's gross income.

B.   If a judgment debtor's weekly disposable earnings are less than thirty (30) times the current Federal minimum wage ($5.85* per hour), or $175.50* no deduction can be made from the judgment debtor's earnings under this income execution.

C.   A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the current Federal minimum wage ($5.85* per hour), or $175.50 under this income execution.

D.   If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five (25%) percent of the judgment debtor's disposable earnings, no deductions can be made from the judgment debtor's earnings under this income execution.

E.   If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) percent of the judgment debtor's disposable earnings, deduction may be made from the judgment debtors earnings made under this income execution. However, the amount arrived at by adding the deductions from earnings under this income execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses, cannot exceed twenty-five (25%) percent of the judgment debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

### II. Explanation of Limitations
### DEFINITIONS

Disposable Earnings - - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social



security, and unemployment insurance, but not deductions for union dues, insurance plans, etc.).
gross income - gross income is salary, wages or other income, including any and all overtime
earnings, commissions, and income from trusts, before any deductions are made from such income.

**Illustrations regarding earnings:**

**If disposable earnings is: amount to pay or deduct from earnings under this income execution is:**

(a)    30 times Federal minimum wage ($175.50*) or less no payment or deduction allowed.

(b)    more than 30 times Federal minimum wage ($175.50*) and less than 40 times Federal
       minimum wage ($234.00)   The lesser of:   the excess over 30 times the Federal minimum
       wage ($175.50*) in disposable earnings, or 10% of gross earnings.

(c)    40 times federal minimum wage ($234.00) or more.   The lessor of:   25% of disposable
       earnings or 10% of gross earnings.

**\*Based upon $5.85 minimum hourly wage.  Recalculate and insert correct figures if the minimum
hourly rate changes.**

**III. Notice: You may be able to challenge this income execution through the procedures provided
in CPLR 5231(i) and CPLR 5240.**

If you think that the amount of your income being deducted under this income execution exceeds
the amount permitted by state or federal law, you should act promptly because the money will be
applied to the judgment.    If you claim than the amount of your income being deducted under this
income execution exceeds the amount permitted by state or federal law, you should contact your
employer or other person paying your income.    Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING
LEGAL AID IF YOU QUALIFY.    New York State law provides two procedures through which an income
execution can be challenged.

**CPLR SEC. 5231 (i) Modification.** At any time, the judgment debtor may make a motion to a court
for an order modifying an income executions.

**CPLR SEC. 5240 Modification or protective order: supervision of enforcement.** At any time, the
judgment debtor may make a motion to a court for an order denying, limiting, conditioning,
regulating, extending or modifying the use of any post-judgment enforcement procedure, including
the use of income executions.

**Return(for Sheriff's or Marshal's use only)**

[ ] Fully Satisfied date _____            [ ] Unsatisfied

[ ] Partially Satisfied date _____            $_____

Because I was unable to find the Garnishee (the Employer) within my jurisdiction, I return this
Income Execution to Judgment Creditor's Attorney on _____

Date and time received                [ ] Marshal or Sheriff, City or County of _____

[ ] Constable of the Town of _____

    Village_____

# Exhibit 3







ENTER ADDRESS CHANGE:

www.nysdmv.com

This card belongs to the Social Security Administration and you must return it if we ask for it.

If you find a card that isn't yours, please return it to:
Social Security Administration
P.O. Box 33008, Baltimore, MD 21290-3008

For any other Social Security business/information, contact your local Social Security office. If you write to the above address for any business other than returning a found card you will not receive a response.

Social Security Administration
Form SSA-3000 (10-2007)

F 25511.036

# Exhibit 4

```
     *********************
     ***  TX REPORT  ***
     *********************


TRANSMISSION OK

TX/RX NO              2351
RECIPIENT ADDRESS    919737535353
DESTINATION ID
ST TIME              07/15 13.26
TIME USE             01'08
PAGES SENT           3
RESULT               OK
```

# GALLAGHER & KENNEDY

—— P.A. ——
LAW OFFICES

**2575 EAST CAMELBACK ROAD • PHOENIX, ARIZONA 85016-9225**
PHONE (602) 530-8000 • FAX (602) 530-8500

## FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **To:** | | **Company:** | Pressler & Pressler, L.L.P. |
| **Fax Number:** | 973-753-5353 | **Voice Number:** | 973-753-5100 |
| **From:** | Jerald C. Thompson | | **G @ K** |
| **G & K Direct Line:** | (602) 530-8110 | | |
| **Date:** | July 15, 2008 | | IF YOU DID NOT RECEIVE ALL OF THE PAGES, OR HAVE ANY PROBLEMS, PLEASE CALL (602) 530-8534 |
| **Client Number:** | 99-8734 (Leia Thompson) | | |
| **No. of Pages:** | 3 | | |

**Re:**     **Palisades Collection, L.L.C. v Leia J. Thompson (P&P File T61175)**

☒ Original will follow by mail.          ☐ Original will **NOT** follow by mail.

**COMMENTS:**

# GALLAGHER & KENNEDY
#### P.A.
#### LAW OFFICES

**JERALD C. THOMPSON**
OF COUNSEL
DIRECT DIAL: (602) 530-8110
E-MAIL: JERRY.THOMPSON@GKNET.COM

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
PHONE: (602) 530-8000
FAX: (602) 530-8500
WWW.GKNET.COM

July 15, 2008

VIA FACSIMILE AND REGULAR MAIL

PRESSLER & PRESSLER, L.L.P.
7 Entin Road
Parsippany, NJ 07054-9944

> **Re:** *Palisades Collection, L.L.C. v. Leia J. Thompson*, Index No. 9937/06 (N.Y. Civ. Ct.) (P&P File T61175)

Dear Sirs/Ma'ams:

Please be advised I represent the purported debtor in this matter. All future contact should be through the above address, as discussed in 15 U.S.C. § 1692c(a)(2). The purpose of this letter is to notify you that the purported debt is disputed, pursuant to 15 U.S.C. § 1692g.

When Ms. Thompson was initially contacted by your office, she called to find whatever information you possessed. She was told the original creditor was AT&T. It appears this is a case of mistaken identity.

As an initial matter, Ms. Thompson's AT&T account is current, and no amounts are past due or owing.

Second, Ms. Thompson was never served with process in the above case. While it appears that a Mr. Richard A. Franklin of your Garden City, New York office obtained a default judgment on June 25, 2007, Ms. Thompson was unaware of the case until receiving your notice dated June 13, 2008, on or about June 16, 2008.

Third, the Social Security Number you have listed for Ms. Thompson, 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, is not the Social Security Number of the Leia Thompson who resides at 253 E. 62nd Street.

Please send me all information you are relying on in this matter. I would appreciate copies of any pleadings, and the affidavit of service. I would also appreciate a copy of the original application for credit with AT&T (or whoever the original creditor is), with a visible signature and Social Security Number. Finally, please forward all information supporting the alleged debt, including an itemization of charges.

PRESSLER & PRESSLER, L.L.P.
July 15, 2008
Page 2

     If you are unable to provide the requested information, we should be in agreement that the Leia Thompson you seek is not the Leia Thompson who resides at 253 E. 62nd Street. All collection efforts should cease.

     If you have any questions, or need any further information from me, please do not hesitate to contact me at the above number.

               Very truly yours,

               GALLAGHER & KENNEDY, P.A.


               By: _Jerald C. Thompson_
                  Jerald C. Thompson


cc:    Leia Thompson

       Gregg E. Bienstock
       Marshall of the City of New York
       P.O. Box 610700
       Bayside, N.Y. 11361-0700

Exhibit 5

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                2366
RECIPIENT ADDRESS       919737535353#
DESTINATION ID
ST  TIME                07/17 11:44
TIME USE                01'19
PAGES SENT              3
RESULT                  OK
```

# GALLAGHER & KENNEDY
## P.A.
### LAW OFFICES

**2575 EAST CAMELBACK ROAD · PHOENIX, ARIZONA 85016-9225**
**PHONE (602) 530-8000 · FAX (602) 530-8500**

# FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **To:** | Leslie Theophile | **Company:** | Pressler & Pressler, L.L.P. |
| **Fax Number:** | 973-753-5353 | **Voice Number:** | 1-888-312-8600 x 5657 |
| **From:** | Jerald C. Thompson | | **G☒K** |
| **G & K Direct Line:** | (602) 530-8110 | | |
| **Date:** | July 17, 2008 | | IF YOU DID NOT RECEIVE ALL OF THE PAGES, OR HAVE ANY PROBLEMS, PLEASE CALL **(602) 530-8534** |
| **Client Number:** | 99-8734 (Leia Thompson) | | |
| **No. of Pages:** | 3 | | |

| | |
|---|---|
| **Re:** | **Palisades Collection, L.L.C. v Leia J. Thompson (P&P file T61175)** |

☒ Original will **NOT** follow by mail.

**COMMENTS:**

**GALLAGHER & KENNEDY**
——————— **P.A.** ———————
**LAW OFFICES**

JERALD C. THOMPSON
DIRECT DIAL:  (602) 530-8110
E-MAIL:  JERRY.THOMPSON@GKNET.COM

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA  85016-9225
PHONE:  (602) 530-8000
FAX:  (602) 530-8500
WWW.GKNET.COM

July 17, 2008

VIA FACSIMILE

Mr. Leslie Theophile
PRESSLER & PRESSLER, L.L.P.
7 Entin Road
Parsippany, NJ  07054-9944

      **Re:**    Palisades Collection, L.L.C. v. Leia J. Thompson, Index No. 9937/06 (N.Y. Civ. Ct.) (P&P File T61175)

Dear Mr. Thoephile:

    Thank you for your call this morning regarding Ms. Thompson's file.  To recap our conversation, you stated the collection is based on the Social Security Number and agreed that if the SSAN for the Leia Thompson who resides at 253 E. 62nd Street is ***not*** 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, you have been seeking collection from the wrong person.  Please find attached a copy of my client's driver's license and a portion of her Social Security Number.  We can all agree that her SSAN is ***not*** 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.

    You agreed that upon receiving the information you would immediately remove my client's information from your system and notify the Marshal that the wrong Leia Thompson has been identified.  I would also ask that you immediately refund the $30.61 paid to the Marshal by the Blue Note restaurant on July 11, as well as any other payments you have received on this account.

    If I have misunderstood our conversation, please contact me at once.

        Very truly yours,

        GALLAGHER & KENNEDY, P.A.

        By:   *Jerald C. Thompson*
            Jerald C. Thompson

Enclosure
cc:    Leia Thompson





JERALD C. THOMPSON
OF COUNSEL

**GALLAGHER & KENNEDY**
——————— P A ———————
LAW OFFICES
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225

(602) 530-8110
FAX: (602) 530-8500
E-MAIL: JERRY.THOMPSON@GKNET.COM

*17JUL08*

· *Return call to JAYASRI: 1-888-312-8600 x 5657*

· *Not available*

· *Collections based on Social*

· *LESLIE THEOPHILE x 5657*

· *Will notify Marshall -*

# Exhibit 6

# GALLAGHER & KENNEDY

————— P.A. —————

LAW OFFICES

JERALD C. THOMPSON
OF COUNSEL
DIRECT DIAL: (602) 530-8110
E-MAIL: JERRY.THOMPSON@GKNET.COM

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
PHONE: (602) 530-8000
FAX: (602) 530-8500
WWW.GKNET.COM

July 18, 2008

VIA US MAIL

Mr. Leslie Theophile
PRESSLER & PRESSLER, L.L.P.
7 Entin Road
Parsippany, NJ  07054-9944

> **Re:**   *Palisades Collection, L.L.C. v. Leia J. Thompson*, Index No. 9937/06 (N.Y.
> Civ. Ct.) (P&P File T61175)

Dear Mr. Theophile:

Please find enclosed a photocopy of Ms. Thompson's Social Security Card and Driver's License. Yesterday you requested a faxed copy, however the fax sent was apparently not up to Pressler & Pressler standards. As you can see (and as I have told you), Ms. Thompson's Social Security Number is ***not*** 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. Rather, Ms. Thompson's Social Security Number ends in 051.

I am also informed there has been a second garnishment of Ms. Thompson's pay by virtue of your erroneous writ. Please quash the writ at once and immediately return all money received.

Your refusal to accept an email pdf version of these documents is baffling, considering the fact you have wrongfully garnished Ms. Thompson's pay. It is not Ms. Thompson's responsibility to prove her identity. It is your responsibility to ensure you have found the right person before instituting collection action.

Your client, Palisades Collection, L.L.C. and your firm are ***each*** considered a "debt collector" within the meaning of the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692a(6). Your refusal to comply with the provisions of that Act subject both of you to the penalties described in 15 U.S.C. § 1692k. Please notify both your client and malpractice carrier to expect appropriate claims.

Mr. Leslie Theophile
July 18, 2008
Page 2

Very truly yours,

GALLAGHER & KENNEDY, P.A.

By: _____
Jerald C. Thompson

Enclosure
cc:     Leia Thompson



